**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LOIS YATES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | 1:19-cv-565-HSO-JCG |
| **BAY VIEW PLAZA** | ) | |
| **FURNITURE, INCORPORATED** | ) | |
| **and ANTHONY BELL,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.    INTRODUCTION

Plaintiff, Lois Yates, files this Title III, ADA action, pursuant to 42 U.S.C.  §12181, et. seq. In Count One of the Complaint, Plaintiff seeks to enjoin the Defendants to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendants to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendants' use of the premises to provide full and equal enjoyment of the premises to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin the Defendants' failure to remove barriers and alter the facility to be readily accessible to and usable by individuals with disabilities.

## II.    JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

**2.**     Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

**3.**     Plaintiff, Lois Yates, has malignancy (more commonly known as "cancer") as well as severe lung damage and chronic obstructive pulmonary disease. As a result, Ms. Yates uses mobility devices such as a walker and a wheelchair for mobility. The extent of Ms. Yates' physical disabilities limits her ability to care for herself, perform manual tasks, walk, stand, lift, bend, and work; all of which are major life activities pursuant to 42 U.S.C. § 12102 (2) (A). Ms. Yates is, accordingly, a person with a disability pursuant to the ADA, in that she has a physical impairment substantially limiting one or more major life activities.  42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

**4.**     Plaintiff Lois Yates resides in Biloxi, MS and lives within a thirty-minute drive of the Bay View Furniture Co. (hereinafter "The Store").  She has shopped at The Store several times because she likes the variety of available selections and styles offered.  She has definite plans to return to the Store during 2019 to shop and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, including but not limited to the difficulty she experienced when attempting to use the parking lot, the sales counter, and the women's restroom.[1]

**5.**     Defendant, Bay View Plaza Furniture, Incorporated., (hereinafter "Bay View Inc.") is a corporation that is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction.  Upon information and belief, Bay View "operates"  and/or "leases" the business and real property and

---

[1] The Eleventh Circuit, held in _Houston v. Marod Supermarkets_, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied "_there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store._"

improvements located at 2181 E Pass Rd, Gulfport, MS 39507, (hereinafter "Bay View or The Store") 42 U.S.C. § 12182.  As a retail sales establishment, the Store qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

6.      Defendant, Anthony Bell, is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction.  Upon information and belief, Anthony Bell", "owns" and/or "leases" the business and real property and its improvements located at 2181 E Pass Rd, Gulfport, MS 39507, (hereinafter "Bay View or The Store"). 42 U.S.C. § 12182.  As a retail sales establishment the Store qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

7.      Because of the various types of barriers described below, Plaintiff has been denied full and equal enjoyment of the Defendants' premises on the basis of her disabilities.

8.      Plaintiff, accordingly, has Article III standing to pursue this case because:  (1) she is a person with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendants' establishment is a place of public accommodation, pursuant to the statutory definition; (3) She has suffered a concrete and particularized injury by being denied access to the facility by architectural barriers, by policies and practices, and by denial of the use of the facility for her full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. (See Footnote 1). Furthermore, she has definite plans during 2019 to return to the facility.

III.      **COUNT ONE – Failure to Remove Architectural Barriers When Readily Achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]**

9.      Plaintiff is informed and believes based on publicly available information that the facility was constructed for first occupancy prior to the effective date of the 1991 ADA

Accessibility Guidelines. However, upon information and belief, the Defendants have not fulfilled their obligation under the ADA Accessibility Guidelines to remove architectural barriers when readily achievable to do so or when conducting alterations. [42 U.S.C. § 12182(b)(2)(A)(iv)] 28 CFR § 36.304.

**<u>Architectural Barriers</u>**

10.    When the Plaintiff visited the store on May 25, 2019, she experienced the following barriers to access for individuals with disabilities:

<u>Parking</u>

10.1.    The parking lot does not contain the required number of accessible parking spaces based on the total number of parking spaces in the lot;

10.2.    There is no designated accessible parking space identified with signage including the international symbol of accessibility that is mounted 60 inches minimum above the ground surface measured to the bottom of the sign;

10.3.    There is no "van accessible" parking space measuring 132 inches wide minimum with an adjoining compliant access aisle that measures 60 inches wide minimum, or alternatively a 96-inch-wide space with an adjoining 96 inch wide access aisle;

<u>Floor Mats</u>

10.2    The floor mats throughout the facility are not stable, firm, or otherwise secured to the floor in compliance with the Standards;

Entrance Door Hardware

**10.3**    The entrance door hardware operation requires the use of tight grasping, twisting, and/or pinching of the wrist, and, therefore does not comply with the Standards;

Path of Travel Throughout the Facility

**10.4**    The path of travel at the entrance is obscured by the placement of furniture encroaching into the 36-inch clear floor space required by the Standards;

**10.5**    Defendant fails to maintain a 36-inch-wide (accessible) path of travel and the required wheelchair turning space in and throughout the shopping aisles due to the placement of merchandise, display items, and other movable objects which encroach into the required clear floor space;

Sales and Service Counters

**10.6**    The sales and/or service counters do not comply with the Standards as follows:

**(a)** There is not at least one of each type of sales and/or service counter that is maintained in conformance with the Standards so that there is the required knee and toe clearance for either a parallel or forward approach to the counter;

**(b)**  There is not at least one of each type of accessible sales and/or service counter with a portion of the counter at the required height or length;

**(c)** There is not at least one of each type of sales and/or service counter which contains point of sale equipment that is accessible to individuals with disabilities;

<u>Women's Single User Restroom</u>

**10.7** There is no sign displaying the international symbol of accessibility on the latch side of the restroom door as required;

**10.8** The entrance door hardware operation requires the use of tight grasping, twisting, and/or pinching of the wrist, and, therefore does not comply with the Standards;

**10.9** The floor mats located inside and outside the entrance door are not stable, firm, or otherwise secured to the floor in compliance with the Standards;

**10.10** The size and configuration of the room does not provide the required t-shaped or turning space or maneuvering clearance at the fixtures;

**10.11** The seat of the water closet is below the required height range;

**10.12** The distance between the centerline of the water closet and the wall does not meet the requirements of the Standards;

**10.13** The shelf located in front of the water closet encroaches into the clear floor space required at the water closet;

**10.14** There is no rear or side grab bar as required;

**10.15** There is insufficient maneuvering clearance at the lavatory;

**10.16** There is insufficient knee and toe clearance underneath the lavatory;

11.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

12.    Unless Defendants take remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants on the basis of her disabilities.

13.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

14.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove the architectural barriers and bring the facility into compliance with the ADA Standards.

IV.    **COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS [42 U.S.C. § 12182(b)(2)(A)(ii)]**

15.    Plaintiff incorporates by reference and realleges all the paragraphs above as if fully set forth herein.

16.    By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access. Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

17.     Defendants have failed to make modifications in policies, practices, and procedures as follows:

a)  The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies or have failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers when readily achievable to do so;

b)  Defendant's failure to provide accessible parking demonstrates a policy of excluding customers with disabilities;

c)  Defendants' practice of allowing employees to place merchandise and other movable items within and throughout store aisles and display areas denies individuals with disabilities the full use of and access to these areas;

d)  Defendants' policy of failing to provide disbursed accessible sales and service counters and display counters demonstrates a policy of excluding customers with disabilities from equal access to all components of the shopping areas;

e)  Defendants' failure to provide accessible signage and accessible restrooms is further evidence of Defendants' exclusionary policies and practices;

f)  As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendants' existing practices and procedures, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

18.     To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

19.      Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

20.      Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendants from engaging in these discriminatory policies, practices, and procedures.

21.      Therefore, the Plaintiff hereby demands that Defendants both create and adopt a corporate practice and policy that Defendants (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendants' establishment; and (b) Defendants will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments,  full and equal enjoyment and use of all goods and services;

## V.      COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT

22.      Plaintiff incorporates by reference and realleges all the paragraphs above as if fully set forth herein.

23.      Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).  Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

24.      For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities from full and equal enjoyment of the privileges and services offered by the public accommodation. 42 U.S.C. 12182.

25.     Plaintiff was denied full and equal access to the Store due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

a)  The lack of accessible, designated parking prohibits Plaintiff from parking and independently using a mobility device to access the facility with the same level of access provided to non-disabled customers;

b)  The inaccessible features of Defendant's sales and/or service counters denied Plaintiff the use of a counter with the proper height and clear floor space in order to provide her with an opportunity to equally transact business and access the point of sale machines;

c)  The inaccessible path of travel in and throughout Defendant's Store aisles makes it difficult, if not impossible, for Plaintiff to move freely, access merchandise, and, therefore, have an equal shopping experience;

d)  The inaccessible features of the restroom have prohibited Plaintiff from equally using the fixtures, maneuvering in and throughout the room, and using other elements without assistance or without difficulty or personal humiliation or hardship.

26.     Defendant's continued failure to maintain ADA accessibility as an integral part of the facility and shopping experience has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

27.     Defendant's conduct and unequal treatment of Plaintiff constitute continuous discrimination in violation of the ADA. 28 C.F.R. § 36.211(a).

28.     Absent a Court ordered injunction, Defendants will continue to deny Plaintiff equal access to the goods and services offered at the store.

29.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

30.      Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

**VI.     COUNT FOUR – FAILURE TO Remove Architectural Barriers when readily achievable [42 U.S.C. § 12183(a)(1)]**

31.     Plaintiff incorporates by reference and realleges all the paragraphs above as if fully set forth herein.

32.     Title III specifically states that for public accommodations discrimination includes "failure to remove architectural barriers . . . in existing facilities" unless it can be shown that removing a barrier is "not readily achievable" or accommodations cannot be provided through other means. (See 42 U.S.C. Section 12182(b)(2)(iv) & (v).

33.     The Department of Justice Regulations also provide accessibility Standards for renovating or altering an existing facility, as was done by Defendants at the store in 2009. 28 C.F.R. §403.

34.     To date, architectural barriers remain at the facility due to Defendants' failure to remove readily achievable barriers and/or comply with the ADA Standards when the facility was

altered.

**35.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**36.** Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

**WHEREFORE,** premises considered, Plaintiff Hope Elly demands judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

1) That the Court declare that the Defendants as well as all Defendants' illegal actions described herein violate the ADA, as more particularly described above;

2) That the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3) That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4) That the Court enter an order directing the Defendants to provide full and equal access to the use of the Store, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5) That the Court enter an order directing the Defendants to immediately remediate the architectural barriers at the Store by conducting readily achievable barrier removal as required. (See Count Four);

6) That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

7) That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date:  September 10, 2019

Respectfully submitted,

_Pshon Barrett_

PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*


BRADLEY D. MCADORY, ESQ.
MS Bar No. 10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 10th day of September 2019 to the following:

**BAY VIEW PLAZA FURNITURE, INCORPORATED**
c/o Anthony Bell, Registered Agent
#4 Povenir Pl, Gulfport, MS, 2181 E Pass Rd
Gulfport, MS 39507

**ANTHONY BELL**
2181 E Pass Rd
Gulfport, MS 39507

PSHON BARRETT, ESQ.
*Attorney for the Plaintiff*